

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Nguyen v. Love

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nguyen v. Love" (2008). *2008 Decisions.* Paper 1186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5285

———————

PHU DUC NGUYEN,
                                    Appellant

v.

WILLIAM LOVE, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF THE COUNTY
OF PHILADELPHIA; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 04-cv-01665)
District Judge:  The Honorable Petrese B. Tucker

———————

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

———————

Before: BARRY, STAPLETON, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion Filed: May 21, 2008)

———————

OPINION

———————

———————

[*] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

BARRY, Circuit Judge

A Pennsylvania jury convicted Phu Duc Nguyen ("Nguyen") of second-degree murder, robbery, and criminal conspiracy for his role in the 1995 murder of Todd Manga. The trial judge sentenced him to life imprisonment, his post-sentence motions were denied, the Pennsylvania Superior Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. Thereafter, Nguyen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting two multi-pronged grounds for relief. The District Court referred the matter to a magistrate judge for a report and recommendation ("R&R"), and the magistrate judge recommended denying the petition in its entirety. The District Court rejected Nguyen's objections to the R&R, approved and adopted the R&R, and declined to issue a certificate of appealability ("COA") as to any issue. Nguyen filed a timely notice of appeal, which we construed to be a request for a COA as to all issues decided by the District Court, and we granted a COA on two related issues:

> (1) whether the defendant's right to confront witnesses was violated when the prosecutor and/or the detective referred to a co-defendant's statement being "redacted," *Bruton v. United States*, 391 U.S. 123 (1968); *Gray v. Maryland*, 523 U.S. 185 (1998); [and] (2) whether the prosecutor committed prosecutorial misconduct when referring to a co-defendant's statement as being "redacted."

For the reasons that follow, we will affirm the District Court's denial of the petition.

I.

The District Court had jurisdiction under 28 U.S.C. § 2254. We exercise appellate

2

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

As Nguyen filed his habeas petition in 2004, federal court review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires that significant deference be accorded state court decisions. Our review, as was the District Court's review, is limited to considering "whether the state court reached a decision that was 'contrary to' or involved an 'unreasonable application' of clearly established Supreme Court law, or if [the] decision was based on an 'unreasonable determination' of the facts in light of the evidence presented." *Fahy v. Horn*, 516 F.3d 169, 189 n.20 (3d Cir. 2008) (quoting 28 U.S.C. § 2254(d)). A state court's application of Supreme Court precedent is only considered unreasonable if: (1) it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;" or (2) it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). "We review *de novo* whether the District Court appropriately applied AEDPA's standards of review." *Taylor v. Horn*, 504 F.3d 416, 428 (3d Cir. 2007).

## II.

A.    Issue 1 – Whether the prosecutor's reference to a co-defendant's statement as "redacted" violated *Bruton* and *Gray*.

In *Bruton*, the Supreme Court held that a defendant's Sixth Amendment right to

3

confront adverse witnesses is violated by the admission of a nontestifying co-defendant's confession which implicates both defendants, even if the jury is instructed that it may only consider the confession against the defendant who confessed. 391 U.S. at 135-36. Thus, in order to avoid a *Bruton* violation, prosecutors trying multi-defendant cases must, at the very least, redact the incriminating statements of non-testifying defendants to delete references to his or her co-defendants. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (declaring that "the Confrontation Clause is not violated by the admission of a nontestifying co-defendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence"). However, not all redactions do the trick. In *Gray*, the Court held that a confession that is altered in such a way that it obviously implicates a co-defendant (e.g., it contains a blank space, the word "redacted", or a symbol in place of the co-defendant's name) falls within the class of statements prohibited by *Bruton*. 523 U.S. at 196-97.

Nguyen argues that the prosecutor's reference to his co-defendant's confession as "redacted" violated *Bruton* and *Gray* because the jury could have inferred from the comment that the confession was redacted to delete any reference to him. In considering this issue on direct appeal, the Pennsylvania Superior Court criticized the prosecutor's conduct, but concluded that the trial court did not err by declining to declare a mistrial following the comment because it "could not be construed as inevitably referring to this defendant." (App. at 59.) Moreover, the court found that even if a *Bruton* violation had

4

occurred, any error in this respect would have been harmless because "the Commonwealth's evidence against [Nguyen] regarding his participation, which included both the testimony of the co-conspirator Minh and eyewitness testimony of one of the victims, was overwhelming." (Id.)

The Supreme Court has never held that the mere reference to a co-defendant's incriminating statement as "redacted" violates a defendant's Sixth Amendment right to confront adverse witnesses, so we must decide whether the Superior Court's conclusion was reasonable in light of the Supreme Court's pertinent precedent. We find that it was. As the Superior Court noted, the relevant inquiry under *Gray* is whether the prosecutor's comment *directly* inculpated Nguyen. *See Priester v. Vaughn*, 382 F.3d 394, 401 (3d Cir. 2004) (holding that *Bruton* was not violated because "there were at least fifteen perpetrators involved in the shooting, and the phrases 'the other guy' or 'another guy' are bereft of any innuendo that ties them *unavoidably* to [the petitioner]") (emphasis added). The prosecutor's use of the word "redacted" neither revealed the nature of the edits made to the confession nor suggested in any manner that the confession incriminated Nguyen. Accordingly, Nguyen was not entitled to habeas relief on this ground.

B.    Issue 2 – Whether the prosecutor's reference to a co-defendant's statement as "redacted" constituted prosecutorial misconduct.

Nguyen asserts that the prosecutor's reference to his co-defendant's statement as "redacted" also constituted prosecutorial misconduct. This argument is similarly unavailing.

5

In evaluating claims of prosecutorial misconduct, "we consider whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Fahy*, 516 F.3d at 198 (quotations and citation omitted). The Supreme Court has instructed that in order to rise to the level of a denial of due process, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quotations and citation omitted).

The Superior Court concluded that the effect of the prosecutor's comment on the jury, if any, was harmless. This conclusion was surely not unreasonable. As we have already explained, the comment did not unavoidably suggest to the jury that Nguyen's co-defendant implicated him. Given the extremely limited effect that this comment could have had on the jury and the substantial amount of evidence linking Nguyen to the robbery and murder, we cannot conclude that the comment resulted in a denial of due process. As such, Nguyen was not entitled to habeas relief on this ground.

C.     Miscellaneous Issues Not Included Within the COA

Nguyen's brief raises several issues in addition to the two issues as to which a COA was granted, including: (1) whether the statements of his nontestifying co-defendants were sufficiently redacted to avoid a violation of his Sixth Amendment right to confrontation; (2) whether the trial court abused its discretion by denying his motion for severance; and (3) whether his attorney's decision to stipulate that Nguyen had

received a traffic citation in a particular car constituted ineffective assistance of counsel. Nguyen has not "made a substantial showing of the denial of a constitutional right" as to these grounds, 28 U.S.C. § 2253(c)(2), and we thus decline his invitation to expand the scope of the COA beyond that granted by the motions panel.

III.

For the foregoing reasons, we will affirm the District Court's order denying the petition for a writ of habeas corpus.